UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SFD ENTERPRISE, LLC

       Plaintiff,       CIVIL ACTION NO. 10-CV-10769

vs.

                           DISTRICT JUDGE GEORGE CARAM STEEH

CVS CAREMARK CORP.,    MAGISTRATE JUDGE MONA K. MAJZOUB
et al.,

       Defendants.
_____/

## ORDER GRANTING IN PART PLAINTIFF/COUNTER-DEFENDANT'S MOTION TO COMPEL ANSWERS TO INTERROGATORIES AND PRODUCTION OF DOCUMENTS (DOCKET NO. 21)

Plaintiff/Counter-Defendant SFD Enterprise LLC ("Plaintiff") filed this action on February 24, 2010 against Defendants/Counter-Plaintiffs CVS Pharmacy Inc. and Symtek, Inc. ("Defendants") alleging claims of patent infringement and unfair competition in violation of the Lanham Act. In its Amended Complaint, Plaintiff alleges that Defendant Symtek manufactures and sells a line of accessories ("Symtek Line") to be used with portable handheld electronic devices including the iPod Classic, iPod Nano, iPod Touch, iPhone and Microsoft Zune. (Docket no. 15). Plaintiff contends that the trade dress, packaging, overall appearance, and marketing strategy for the Symtek Line of accessories is confusingly similar to that which is used in Plaintiff's own line of accessories marketed under the name "Fast Trax." Plaintiff further contends that at least two products in the Symtek Line, specifically the iPod/iPhone A/C and car chargers, incorporate a Male Electrical Connector which is identical in design to a Male Electrical Connector on which Plaintiff holds a

1

patent. Plaintiff claims that Defendant CVS represented that it would purchase Fast Trax products to sell in its retail outlets, but chose instead to market and sell the Symtek Line, despite the fact that products within that line infringe upon Plaintiff's trade dress and patent. (Docket no. 15).

Presently before the Court is Plaintiff's Motion To Compel Answers To Interrogatories And Production Of Documents. (Docket no. 21). Plaintiff shows that it served its First Set of Interrogatories and First Requests for Production of Documents on July 16, 2010. (Docket no. 21, Ex. 1). Despite an extension in response time Defendants served late responses and objections to Plaintiff's discovery requests on September 20, 2010. (Docket no. 21, Ex. 5-6). Plaintiff now moves for an order compelling Defendants to provide full and complete answers to Interrogatories nos. 11 and 12, produce documents responsive to production requests nos. 1-4, 8, 14, 20, 24-26, and produce documents that have been withheld on grounds of confidentiality.

Defendants did not file a response to Plaintiff's motion despite the fact that the Court ordered Defendants to file a responsive brief by November 29, 2010. (Docket no. 23). On March 1, 2011 the parties filed a Joint Statement of Resolved and Unresolved Issues. (Docket no. 27). The Joint Statement reveals that the Defendants have produced documents previously withheld on the basis of confidentiality, and have agreed to respond to Interrogatories nos. 11 and 12. The parties have been unable to resolve whether Defendants should produce documents responsive to document requests nos. 1-4, 8, 14, 20, 24-26. The instant motion has been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 22). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(f). This matter is now ready for ruling.

Document requests nos. 1 and 2 ask Defendants to produce all documents that refer to, pertain to, relate to, reflect upon, touch upon, support, or contradict the allegations in the Complaint

2

and Counterclaim. Defendants object to the requests on the grounds that the Plaintiff failed to describe the requested documents with reasonable particularity as required by Federal Rule of Civil Procedure 34(b). The Court finds that document requests nos. 1 and 2 are overbroad. particularly due to their use of the phrases "refer to," "reflect upon," and "touch upon." Instead, Defendants are directed to produce all documents in Defendants' possession, custody, or control that support or contradict the allegations in the Amended Complaint and Counterclaim.

Document request no. 3 asks Defendants to produce all documents that support or contradict paragraphs 2, 21, 24, 29, 31-35, 37-38, 43-48, 50-56, and 58-67 in Defendants' Answer to the Complaint. Document request no. 4 asks Defendants to produce all documents that support or contradict the First through Twelfth Affirmative Defenses to the Complaint. Defendants object to the requests on the grounds that the Plaintiff failed to describe the requested documents with reasonable particularity as required by Federal Rule of Civil Procedure 34(b). The Court finds that document requests nos. 3 and 4 provide Defendants with reasonable notice of what documents are sought. Defendants are directed to fully respond to requests for production nos. 3 and 4.

Document request no. 8 asks Defendants to produce all documents that refer to, pertain to, reflect upon or touch upon complaints, notices, suits and/or allegations (oral or in writing) that allege a violation of the Lanham Act and/or patent infringement on the part of Defendants. Defendants object on the grounds of relevance. The Court finds that document request no. 8 is not relevant to the specific claims and defenses in this litigation. Plaintiff's motion will be denied as to this request.

Document request no. 14 asks Defendants to produce all documents that refer to, pertain to, relate to, reflect upon, touch upon, support, or contradict Defendants' answers to Plaintiff's First Set of Interrogatories. Defendants object on the grounds that Plaintiff failed to describe the requested

documents with reasonable particularity as required by Federal Rule of Civil Procedure 34(b).  The Court finds that document request 14 as drafted is overbroad.  Defendants are directed to produce all documents in Defendants' possession, custody, or control that support or contradict their answers to Plaintiff's First Set of Interrogatories.

Document request no. 20 asks Defendants to produce all documents that refer to, pertain to, relate to, reflect upon, or touch upon the development, design, manufacture, supply, advertising, marketing and/or sale of the Symtek Line.  Defendants object on the grounds that the Plaintiff failed to describe the requested documents with reasonable particularity as required by Federal Rule of Civil Procedure 34(b).  Document request no. 20 is not limited in time or scope and is overbroad. Plaintiff's motion to compel is denied as to this request.

Document requests nos. 24 and 25 ask Defendants to produce all documents that refer to, pertain to, relate to, reflect upon or touch upon any royalties paid or received by Defendants in connection with the development, design, manufacture, supply and/or sale of accessories for portable handheld electronic devices, such as those in the Symtek and Fast Trax Lines.  Plaintiff argues that the requests are related to the amount of damages it incurred as a result of Defendants' actions.  The Joint Statement reveals that the Defendants have produced responsive documents relating to two products in the Symtek Line, and have agreed to produce responsive documents relating to the remaining Symtek Line products, but object to the requests as overbroad to the extent they seek information related to products other than those contained in the Symtek Line.  The Court will grant Plaintiff's motion with regard to document requests nos. 24 and 25 to the extent they request information pertaining to the Symtek and Fast Trax Lines only.

Document request no. 26 asks Defendants to produce all documents that refer to, pertain to,

relate to, reflect upon or touch upon any royalties paid or received by Defendants in connection with the sale of consumer electronics and accessories. Request no. 26 is overbroad and is not sufficiently specific to the products at issue in this lawsuit. Accordingly, the Court will not require Defendants to comply with this request.

The Court will deny Plaintiff's request for attorney's fees and costs, finding that a number of Defendants' objections to the disputed requests for production were substantially justified and that an award of expenses would be unjust. Fed.R.Civ.P. 37(a)(5)(A)(ii), (iii).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion To Compel Answers To Interrogatories And Production Of Documents (docket no. 21) is **GRANTED IN PART** and on or before April 1, 2011 Defendants will answer fully and completely Plaintiff's Interrogatories nos. 11 and 12 and produce documents responsive to Plaintiff's document requests as follows:

1. Defendants must produce all documents in their possession, custody, or control that support or contradict the allegations in the Amended Complaint and Counterclaim in response to document requests nos. 1 and 2.

2. Defendants must fully respond to document requests nos. 3 and 4 as written.

3. Defendants must produce all documents in their possession, custody, or control that support or contradict their answers to Plaintiff's First Set of Interrogatories in response to document request no. 14.

4. Defendants must produce documents responsive to requests for production nos. 24 and 25 only to the extent they request information pertaining to the Symtek and Fast Trax Lines.

**IT IS FURTHER ORDERED** that Plaintiff's request for attorney's fees and costs in this matter is **DENIED**.

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: March 7, 2011            s/ Mona K. Majzoub
                                MONA K. MAJZOUB
                                UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: March 7, 2011            s/ Lisa C. Bartlett
                                Case Manager