UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SFD ENTERPRISES,

        Plaintiff,

vs.

        Case No.10-cv-10769
        HON. GEORGE CARAM STEEH

CVS PHARMACY, INC., et al.,

        Defendants.

_____/

OPINION AND ORDER DENYING DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT (DOC. # 52), DENYING PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT (DOC. # 53), AND
DENYING PLAINTIFF'S MOTION IN LIMINE (DOC. # 55)

INTRODUCTION

This is a patent infringement case. Before the court is defendants' second-filed motion for summary judgment, plaintiff's motion for partial summary judgment, and plaintiff's motion in limine to exclude evidence of improper prior art. For the following reasons, each of the motions is denied.

BACKGROUND[1]

Plaintiff, SFD Enterprises, LLC (SFD), is a Michigan limited liability company that imports products from China which are then marketed and sold to retailers. Defendant CVS Pharmacy (CVS) is a national pharmacy chain which sells a variety of consumer products at retail. Defendant Complete Sourcing Solutions, Inc. (CSS) imports a variety

---

[1]The following facts are largely reiterated from the court's order on defendants' first motion for summary judgment.

of products from China, including electronics, and markets and sells them to retail stores. Defendant Symtek, Inc. (Symtek) was formed in 2005 to serve as house brand for CSS.

From 2005 through late 2008, SFD was involved in the business of importing and marketing consumer electronics including accessories for portable handheld electronic devices such as, iPod Classic, iPod Nano, iPod Touch, iPhone and Microsoft Zune. SFD developed a product line, consisting of approximately 55 different accessories, such as AC house chargers or DC car chargers for iPods and other similar music devices, which were marketed under the name "Fast Trax." SFD's Fast Trax line was sold nationwide, at retailers such as Kroger, Kerr Drugs, K-Mart, Meijer and 7-Eleven.

On December 29, 2006, Bert Bruseloff, founding member of SFD, filed United States Patent Application No. 29275550 with the United States Patent and Trademark Office (USPTO) seeking a design patent as the inventor of a "Male Electrical Connector." Bruseloff assigned all right, title and interest to SFD. On September 9, 2008, the application was granted and United States Design Patent No. D576,555 ('555 patent) was issued by the USPTO.

In September of 2007, Bruseloff contacted Harold Settler, a manufacturer's representative, to obtain his assistance in marketing SFD's products to new retail clients. Settler arranged for a meeting with Paul Kelly, the general merchandise category manager at CVS. Kelly was responsible for managing several categories of general merchandise, including electronics. Kelly had the ability to make decisions, subject to the approval of upper management.

On November 20, 2007, Bruseloff and Settler met with Kelly at CVS headquarters in Rhode Island. At the meeting, Bruseloff gave a presentation about the Fast Trax product

line, and supplied Kelly with samples of each of the products in SFD's Fast Trax Line. Each sample containing an electrical connector with the design that is the subject of the '555 patent was labeled "patent pending."

Bruseloff claims that Kelly told him that CVS would purchase 50 unit packages of the Fast Trax Line products in order to supply each of its 5,000 retail stores for a total of 250,000 units. Bruseloff further claims that Kelly agreed that CVS would continue to order the Fast Trax Line products on a weekly basis to replenish its stores as needed, and that Kelly indicated that it would take approximately two months for CVS to officially list SFD as a vendor, but that SFD should immediately take steps to fulfill CVS's orders of SFD's products. Kelly denies making a commitment to purchase any products from the Fast Trax Line during the November 20, 2007 meeting. Settler testified at his deposition that Kelly seemed interested in the Fast Trax Line, but he never made a commitment to purchase any amount of product.

SFD maintains that, in reliance upon Kelly's representations, it began taking measures to fulfill CVS's order of the Fast Trax Line products, such as repackaging existing inventory that had been earmarked for 7-Eleven. On December 20, 2007, Bruseloff sent an email to Settler asking that he receive a memorandum of commitment from CVS. SFD never received a memorandum of commitment from CVS. When a written memorandum of commitment was not forthcoming, Bruseloff discussed with Settler various proposals that would provide Kelly with more comfort with issuing an order. CVS did not agree to any of Bruseloff's alternate proposals.

On February 11, 2008, Bruseloff sent Kelly a letter enclosing samples of Fast Trax products and a photograph of a display tray. In this letter, Bruseloff indicated that "our goal

is to team up with CVS for 52-week business." See Defs.' Mot. for Summ. J., Ex. 6. On February 12, 2008, Settler wrote to Kelly providing Kelly with alternative proposed price terms in connection with the Fast Trax Line. SFD never received a purchase order from CVS. In August of 2009, Bruseloff discovered that CVS was selling competing iPod accessories sold by Symtek and CSS instead of the Fast Trax Line of products. SFD sent a notice of infringement to defendants in December 2009, and filed suit early the next year.

SFD's lawsuit alleged claims under the Patent Act, 35 U.S.C. § 1 et seq.; the Lanham Act, 15 U.S.C. § 1111 et seq.; and promissory estoppel under state law. On March 22, 2012, the court granted in part and denied in part defendants' first motion for summary judgment, dismissing the second and third counts of the second amended complaint, leaving only the patent infringement claim. The court then allowed defendants to file a second motion for summary judgment on or before June 29, 2012, which is now before the court. Plaintiff has also filed both a motion for partial summary judgment and a motion in limine concerning prior art. The court's determination on the motions is set forth below.

## ANALYSIS

A. Standard of Review

Federal Rule of Civil Procedure 56(c) empowers the court to render summary judgment "forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." See Redding v. St. Eward, 241 F.3d 530, 532 (6th Cir. 2001). The Supreme Court has affirmed the court's use of summary judgment as an integral part of the fair and efficient

administration of justice. The procedure is not a disfavored procedural shortcut. Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986); see also Cox v. Kentucky Dept. of Transp., 53 F.3d 146, 149 (6th Cir. 1995).

The standard for determining whether summary judgment is appropriate is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Amway Distributors Benefits Ass'n v. Northfield Ins. Co., 323 F.3d 386, 390 (6th Cir. 2003) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986)). The evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Redding, 241 F.3d at 532 (6th Cir. 2001). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original); see also National Satellite Sports, Inc. v. Eliadis, Inc., 253 F.3d 900, 907 (6th Cir. 2001).

If the movant establishes by use of the material specified in Rule 56(c) that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial." First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 270 (1968); see also McLean v. 988011 Ontario, Ltd., 224 F.3d 797, 800 (6th Cir. 2000). Mere allegations or denials in the non-movant's pleadings will not meet this burden, nor will a mere scintilla of evidence supporting the non-moving party. Anderson, 477 U.S. at 248, 252. Rather, there must be

evidence on which a jury could reasonably find for the non-movant. McLean, 224 F.3d at 800 (citing Anderson, 477 U.S. at 252).

B. Defendants' Motion for Summary Judgment

There is no real dispute regarding the fact that products purchased and sold by defendants prior to receipt of actual notice from plaintiff infringed on plaintiff's design patent.[2] Defendants concede that its formerly sold chargers were virtually "identical" to the design patent at issue here. However, defendants make two arguments as to why they are entitled to summary judgment. The first argument is that there are no damages in this case. Their alternative argument is that SFD's design patent lacks novelty as set forth in 35 U.S.C. § 102.

(I) Damages

On the issue of damages, defendants first assert that there is no dispute concerning the fact that SFD's Fast Trax products were not marked with a design patent number. Plaintiff does not dispute this issue, noting only that the products included a label of "patent pending." Defendants argue that the failure to mark cuts off damages for any acts of infringement occurring prior to the date defendants received actual notice, on December 29, 2009.[3] Defendants then address when the alleged acts of infringement occurred,

---

[2] However, as set forth herein, plaintiff contends infringing chargers were provided and sold by defendants after the notice as well.

[3] This argument is made under 35 U.S.C. § 287(a), which provides:
(a) Patentees, and persons making, **offering for sale, or selling within** the United States any patented article for or under them, or importing any patented article into the United States, may give notice to the public that the same is patented, either by fixing thereon the word "patent" or the abbreviation "pat.", together with the number of the patent, or when, from the character of the article, this cannot be done, by fixing to it, or to the package wherein one or more of them is contained, a label containing a like notice. **In the event of failure so to mark, no damages shall be recovered by the patentee in any action for infringement, except on proof that**

asserting there were no sales after the receipt of notice of infringement. With respect to CSS and Symtek, defendants assert the last sale of infringing chargers to CVS or any other entity occurred on August 14, 2009, more than four months prior to their actual notice of infringement. Regarding CVS, defendants contend there "is no evidence on the record of any sale by CVS of any of the allegedly infringing chargers after December 29, 2009, the date SFD gave notice to Defendants of the design patent and the alleged infringement." Based on these dates, defendants contend no sales whatsoever were made of infringing products after they were given notice of infringement, and that because prior to the notice SFD had failed to mark its products, damages do not apply.

In response, plaintiff now asserts that it did not offer any products containing the subject design for sale at any time after September 9, 2008, the date that the SFD design patent was issued. Therefore, plaintiff asserts it had no marking requirement under the statute, and that such failure to mark has no impact on its ability to collect damages.[4] Plaintiff supports this assertion with a new affidavit by Bert Bruseloff (signed on July 30, 2012), which states the "final shipment" of Fast Trax products imported by SFD from China arrived in the U.S. in late June or early July 2008. Bruseloff now attests that "SFD's entire

---

**the infringer was notified of the infringement and continued to infringe thereafter**, in which event damages may be recovered only for infringement occurring after such notice. Filing of an action for infringement shall constitute such notice.

[4]Plaintiff points to case law for the proposition that a patentee's ability to recover damages is limited only where "the patentee is himself contributing to the problem of innocent infringement by producing unmarked product that violates § 287(a)," citing Tulip Comp. Int'l B.V. v. Dell Comp. Corp., 2003 U.S. Dist. LEXIS 5409, at 59-60 (D. Del. Feb 4. 2003), and asserts that "a patentee is not precluded from collecting damages for a period in which marking was not required," citing WiAV Solutions LLC v. Motorola, Inc., et al., 732 F.Supp. 2d 634, 639-40 (E.D. Va. 2010).

inventory of products containing SFD's patented design or SFD's Alternative Design had been sold prior to August 2008."

Defendants point to both pleadings and the Bruseloff deposition to cast doubt on this argument. For instance, defendants cite to paragraphs 15 and 16 of the Second Amended Complaint, filed in July 2011, which allege that "**many** of the individual products" in the Fast Trax line incorporate the design covered by the design patent, and that such line is "**and continues to be**" sold through various retailers. Similarly, Bruseloff's deposition testimony showed that Fast Trax products which he considered to be covered by his design patent were being sold at least into the year 2009.

Alternatively, defendants assert in their reply brief that there "is no material dispute" that CVS ran out of inventory of the alleged infringing products prior to December 2009, and no evidence in the record of any sales after that date. However, in a sur-reply brief which the court allowed plaintiff to file, plaintiff contests the assertion that defendants made no infringing sales after receiving the notice of infringement. Plaintiff points to CVS electronic sales records as well as the testimony of Mark Mesrobian, the sole shareholder of Symtek and CSS, in support of its contention that defendants continued to purchase and sell infringing product well into 2010.[5]

---

[5] While defendants are apparently arguing that only modified chargers - licensed by Apple - were imported by CSS/Symtek and sold by CVS after December 2009, plaintiff points to the Mesrobian deposition testimony and defendants' confidential business records to support their position that modified (and non-infringing) products were not even purchased by CVS from its suppliers until late 2010. Plaintiff also shows that the names and item numbers connected to the formerly sold chargers did not change at any time from September 2008 through April 15, 2010. It is plaintiff's position that CVS sold more than 33,816 units of the infringing products after December 29, 2009.

Because the court finds the existence of a material question of fact as to whether continuing sales of infringing products occurred after receipt of the notice by defendants, the court will deny the motion on this ground.

(ii)     Novelty

Defendants' second argument concerns prior art. This issue is more thoroughly briefed in connection with the plaintiff's motion for partial summary judgment, and is addressed below

C.     Plaintiff's Motion for Partial Summary Judgment

This motion addresses (1) the remaining claim in plaintiff's Second Amended Complaint for patent infringement, as well as (2) defendants' fifth affirmative defense and second counterclaim regarding the validity of the SFD patent, and (3) defendants' sixth affirmative defense and first counterclaim for a declaratory judgment of non-infringement.

35 U.S.C. § 171 provides that a design patent may be issued for "any new, original and ornamental design for an article of manufacture."  Once a design patent is issued by the USPTO, there is a strong presumption that the patent is valid. See 35 U.S.C. § 282; L.A. Gear, Inc. v. Thom McAn Shoe Co., 988 F. 2d 1117, 1123 (Fed. Cir. 1993).

Under patent law:

A person shall be entitled to a patent unless-

(a) the invention was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the invention thereof by the applicant for patent, or

(b) the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States.

35 U.S.C. § 102. A party asserting an invalidity defense has the burden to prove invalidity by clear and convincing evidence. 35 U.S.C. § 282.

Plaintiff's motion as to the affirmative defenses and first counterclaim addresses the issue of prior art/validity. This is also the subject of the second section of defendants' motion for summary judgment. Defendants take the position that "[i]n addition to being entitled to summary judgment due to the lack of damages, Defendants are also entitled to summary judgment because SFD's design patent is invalid due to a lack of novelty pursuant to 35 U.S.C. § 102." Defendants point to the male electrical connector of what the parties refer to as the "Zibo" product or "iPower TM Pro po-Go TM" battery, which defendants assert was purchased by CSS in November 2006, before Bruseloff's December 2006 design patent application.[6]

Plaintiff contends that defendants have not produced any evidence that defendants' asserted "prior art" satisfies the conditions set forth above, and therefore cannot rebut the presumption of validity applicable to their design patent. First, plaintiff argues that there was no evidence amassed during discovery (which, they emphasize, ended in June 2011) that the Zibo product was known or used in the United States, or patented or described in any publication anywhere prior to the patented design at issue here. In response, defendants provide some ambiguous deposition testimony of Mark Mesrobian and some very blurry exhibits to demonstrate that the Zibo product/asserted prior art was actually

---

[6]The court determined in March 2012 that the "Lok Patent" was not prior art rendering SFD's design patent to be invalid, finding that it could not "support a finding of obviousness because it does not include all the elements of SFD's patented design."

purchased by CSS for another client on November 2, 2006, and thus "known" in the United States as of that date.

As plaintiff points out, the evidence defendants rely on for their invalidity argument does not pinpoint a date on which the Zibo product was "known or used" in the United States. Meanwhile, plaintiff attaches October 2006 emails referring to a "remote control" for an iPod (which, apparently, included a charger) and a circled drawing, which plaintiff asserts constitutes evidence of the invention. However, the evidence presented simply does not allow the court to find for either side on summary judgment.

Without clear and convincing evidence of such prior art, regardless of a specific comparison of its design to the subject patent, defendants are not entitled to summary judgment on their claim of invalidity. On the other hand, the court is likewise not convinced that summary judgment is appropriate for plaintiff as to the issue of invalidity, for the reason that defendants have amassed some evidence of the existence of prior art.

Plaintiff also makes an argument for summary judgment on the issue of infringement. Defendants state, in response, that "it would be obvious to (sic) any ordinary observer that the patented design, the accused product and the anticipatory product are all identical. In fact, it would be remarkable if they did not all emanate from the same Chinese source in Shenzhen." Defendants' response generally reiterates their arguments concerning damages and prior art, which the court has resolved above; for those reasons, the court will deny plaintiff's motion.

D.  Plaintiff's Motion in Limine

In this motion, plaintiff moves for an order in limine:

(1) Precluding admission of and/or reference to the Zibo Product on the issue of invalidity at trial and/or any other proceeding in the instant matter; and

(2) Prohibiting Defendants from asserting, arguing or contending at trial that the SFD patent is invalid for lack of novelty or obviousness based upon the Lok Patent.

Plaintiff argues that defendants should be precluded from referring to and/or introducing evidence of the Zibo product at trial, for the reason that the Zibo product is not "prior art." However, for the reason that the court has not made this determination, this motion is denied. Similarly, because in its March 2012 order the court ruled simply that the Lok Patent did not entitle defendants to summary judgment, and that the claim would go to trial, there has been no ruling which would preclude consideration of the Lok Patent by a jury.

## CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment is hereby DENIED. Plaintiff's motion for partial summary judgment and motion in limine are also DENIED. An amended scheduling order will be issued promptly.

IT IS SO ORDERED.

Dated: January 31, 2013

        s/George Caram Steeh
        GEORGE CARAM STEEH
        UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 31, 2013, by electronic and/or ordinary mail.

s/Barbara Radke
Deputy Clerk

---